NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| DENNIS SIMS, | |
| Petitioner, | Civil No. 13-6404 (JBS) |
| v. | |
| J.T. SHARTLE, | **OPINION** |
| Respondent. | |

**APPEARANCES:**

Dennis Sims, *Pro Se*
#15535-014
FCI Fairton
P.O. Box 420
Fairton, NJ 08320

Irene E. Dowdy
Office of the U.S. Attorney
401 Market Street
Camden, NJ 08101
     Attorney for Respondent

**SIMANDLE**, Chief Judge

Petitioner Dennis Sims, currently confined at the Federal Correctional Institution at Fairton, New Jersey, filed this Petition for a Writ of Habeas Corpus, pursuant to 28 U.S.C. § 2241. Respondent answered the Petition. For the following reasons, the Petition must be denied.

## BACKGROUND

The following procedural background is taken from the Petition, Respondent's Answer, and the record of the case.

Petitioner, convicted for drug charges in the United States District Court, District of Connecticut, is serving a 150-month term of imprisonment in the Federal Correctional Instiution, Fairton, New Jersey. His projected release date is April 30, 2015.

On March 3, 2013, during his incarceration at FCI Fairton, Officer Green issued an Incident Report against Petitioner, charging him with a Prohibited Act, Code 108, Possession of a Hazardous Tool. A random cell search of the common area of Petitioner's eight-man cell revealed a "long metal object that was sharpened to a point that appeared to be a homemade weapon." *See* Incident Report, Attachment 2a to Declaration of Donna Broome, Legal Assistant ("Broome Decl."). The Incident Report was delivered to Petitioner on March 8, 2013. Petitioner was advised of his rights, stated that he understood those rights, and was read the report. In response, Petitioner stated: "It is not mine. I saw Bailey run behind the curtain when C.O. announced pat search [-] inmate pretended he was using bathroom." *See id.* at ¶¶ 23-24.

The matter was referred to the Unit Discipline Committee ("UDC"), and on March 9, 2013, a hearing was held. Petitioner stated, "It's not mine," and "It belongs to Bailey." *See id.* at ¶ 17. Based

on the severity of the incident, the UDC referred the Incident Report to the Disciplinary Hearing Officer ("DHO") for disposition, recommending loss of Good Conduct Time ("GCT") and disciplinary segregation, should the DHO find Petitioner guilty. Petitioner was notified of the referral to the DHO and his rights before the DHO in writing. Petitioner waived his right to have staff representation and called no witnesses. *See* Broome Decl., Attachments 2b and 2c.

On March 14, 2013, the DHO convened a hearing in the presence of Petitioner. He noted that Petitioner had been advised of his rights and waived representation, and that Petitioner did not request witnesses. The DHO against advised him of his rights and read the Incident Report aloud. The DHO showed Petitioner the photograph of the object found, and Sims again stated, "It's not mine. Everybody knows who it belongs to." *See id.,* Att. 2d.

The DHO considered the evidence and found:

> The specific evidence relied upon to support this finding was the eyewitness account of the reporting staff member that on 03-03-2013, at approximately 12:40 p.m., he conducted a search of your cell (400-403), which is an eight man cell. The reporting officer found a long metal object that was sharpened to a point and appeared to be a homemade weapon. The object was sharpened to a point and had tape wrapped around the opposing end. The taped end of the object contained a lanyard made from a piece of string. The object was found in the metal hatch above the toilet. The object was secured and passed on to another staff member. The DHO also relied on the photograph documenting the 7 inch long sharpened piece of metal, which was photographed by K. Hampton, Lieutenant, on 03-03-2013. In addition, the DHO relied on the Federal Bureau of Prisons Chain of Custody Log for the 7 inch long sharpened

> metal object, which detailed who was in control of the evidence.
>
> You denied the charge and indicated the sharpened metal object did not belong to you. You offered as your defense the sharpened metal object belonged to one of your cellmates. You provided no further evidence to support your claim. The DHO took in consideration your statement and gave little weight to your defense. The sharpened metal object, which was capable of inflicting serious bodily injury, was found in a common area of your cell. Program Statement 5270.09, Inmate Discipline, states you have the responsibility to keep yourself and your area free from contraband. You and six other inmates were assigned to the cell at the time of the incident. You and each of your cellmates had access to sharpened metal object. None of you accepted responsibility for the object. Therefore, the DHO had no choice but to hold you and your cellmates accountable for the item which everyone assigned to the cell had access. Based on the eyewitness account of the reporting officer, the supporting photograph, and the Chain of Custody Log, the DHO finds the greater weight of the evidence indicates you did commit the prohibited act of Possession, Manufacture, or Introduction of a Hazardous Tool, Code 108.

*See id.*, Att. 2d at pp. 2-3. The DHO imposed sanctions of 40 days disallowance of GCT and 30 days disciplinary segregation, "suspended 30 days clear conduct." *See id.*, Att. 2d at p. 3. The DHO also explained the reasons for the sanctions, and advised Petitioner of his right to appeal. The DHO report was signed on March 19, 2013, and a copy was provided to Petitioner on March 27, 2013. Petitioner exhausted administrative remedies through the BOP.

In this petition, Petitioner argues that the 40-day disallowance of GCT violates the Eighth Amendment because it is excessive (Petition, p. 14). He argues that he was not given proper

4

notice of the charge, because a "hazardous tool" it not usually used for a knife, and therefore, he was unable to prepare a defense; Code 108, therefore, is "void for vagueness." (Pet., pp. 11-13).

## DISCUSSION

### A.   Standard of Review

Petitioner seeks a writ of habeas corpus pursuant to 28 U.S.C. § 2241(c)(3). That section states that the writ will not be extended to a prisoner unless "he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3).

A *pro se* pleading is held to less stringent standards than more formal pleadings drafted by lawyers. *See Estelle v. Gamble*, 429 U.S. 97, 106 (1976); *Haines v. Kerner*, 404 U.S. 519, 520 (1972). A *pro se* habeas petition and any supporting submissions must be construed liberally and with a measure of tolerance. *See Royce v. Hahn*, 151 F.3d 116, 118 (3d Cir. 1998); *Lewis v. Attorney General*, 878 F.2d 714, 721-22 (3d Cir. 1989); *United States v. Brierley*, 414 F.2d 552, 555 (3d Cir. 1969), *cert. denied*, 399 U.S. 912 (1970).

### B.   Applicable Regulations

The Federal Bureau of Prisons ("BOP") has specific guidelines for inmate disciplinary procedures, which are codified at 28 C.F.R. § 541.1 *et seq.* Prohibited acts are categorized according to the severity of the conduct. Code Level 100s are deemed the "Greatest",

code level 200s as "High", and proceeding to 400 level codes as "Low Moderate." The Prohibited Acts Code and Disciplinary Severity Scale is set forth at 28 C.F.R. § 541.3 Tables 3-5. In particular, Code 108 states in full:

> Possession, manufacture, introduction, or loss of a hazardous tool (tools most likely to be used in an escape or escape attempt **or to serve as weapons capable of doing serious bodily harm to others**; or those hazardous to institutional security or personal safety; e.g., hack-saw blade, body armor, maps, handmade rope, or other escape paraphernalia, portable telephone, pager, or other electronic device).

28 C.F.R. § 541.3, Table I (emphasis added).

The UDC hearing is typically conducted within five working days of the incident, and will "ordinarily" consist of two or more staff. *See* 28 C.F.R. § 541.7. The UDC may refer the matter to the DHO for further proceedings pursuant to § 541.7(g). Disallowance of good conduct time credits for Code Level 100 must be imposed under 28 C.F.R. § 541.4(b)(1). BOP policy requires that all charges of greatest severity level prohibited acts – 100 level prohibited acts -- be referred to the DHO for a decision. *See* BOP Program Statement 5270.09, p. 23.

DHO hearing procedures are set forth at § 541.8. These procedures require the following: (a) 24-hour advance written notice of charge before the hearing; this right may be waived, § 541.8(c); (b) an inmate shall be provided a staff representative at the DHO hearing, if so desired, § 541.8(c); (c) an inmate is entitled to make

a statement and to present documentary evidence at the DHO hearing; the inmate may also call witnesses to testify on his behalf, but may not himself question the witnesses, § 541.8(f); (d) the inmate is entitled to be present throughout the hearing, except during a period of deliberation or when institutional security would be jeopardized, § 541.8(e). The DHO shall prepare a record of the proceedings that documents the advisement of the inmate's rights, the DHO's findings, the DHO's decision, the specific evidence relied upon by the DHO, and a brief statement of the reasons for imposition of sanctions. *See* 28 C.F.R. § 541.8(h).

These procedures are intended to meet or exceed the due process requirements prescribed by *Wolff v. McDonnell*, 418 U.S. 539 (1974). *See Von Kahl v. Brennan*, 855 F. Supp. 1413, 1418 (M.D. Pa. 1994).

C.  **The Petition Must Be Denied.**

   1.  **No Due Process Violation**

The Due Process Clause of the Fifth or Fourteenth Amendments provides that liberty interests of a constitutional dimension may not be rescinded without certain procedural protections. *See* U.S. CONST. amend. XIV. In *Wolff v. McDonnell, supra*, the Supreme Court set forth the requirements of due process in prison disciplinary hearings. An inmate is entitled to (1) written notice of the charges and no less than 24 hours to marshal the facts and prepare a defense for an appearance at the disciplinary hearing; (2) a written

statement by the fact finder as to the evidence relied on and the reasons for the disciplinary action; and (3) an opportunity "to call witnesses and present documentary evidence in his defense when to do so will not be unduly hazardous to institutional safety or correctional goals." *Wolff*, 418 U.S. at 563-71. An inmate is also entitled to an inmate representative in some cases, and a written decision by the factfinder as to evidence relied upon and findings. *See Von Kahl*, 855 F. Supp. at 1418 (citing *Wolff*, 418 U.S. at 563-72). However, in *Wolff*, the Supreme Court held that, while prisoners retain certain basic constitutional rights, including procedural due process protections, prison disciplinary hearings are not part of criminal prosecution, and an inmate's rights at such hearings may be curtailed by the demands and realities of the prison environment. *See id.* at 556-57; *Young v. Kann*, 926 F.2d 1396, 1399 (3d Cir. 1991).

Consequently, there is no evidentiary support for Petitioner's claim that he did not receive advance written notice of the disciplinary charge due to the nature of the weapon (*i.e.*, that the weapon was a knife, not an "escape tool"), nor can it be said that Petitioner was uninformed or unprepared to address the charge against him when he appeared for his DHO hearing. It is clear from the record that the BOP adhered to the proper procedures and provided ample

notice and opportunity to Petitioner prior to the UDC and the DHO hearing.[1]

2. **Sufficient Evidence to Support the Charge and Sanctions**

The Supreme Court has held that procedural due process is not satisfied "unless the findings of the prison disciplinary board are supported by some evidence in the record." *Superintendent v. Hill*, 472 U.S. 445, 454-55 (1985); *Young v. Kann*, 926 F.2d 1396, 1402-03 (3d Cir. 1991). The Supreme Court has stated:

> Prison disciplinary proceedings take place in a highly charged atmosphere, and prison administrators must often act swiftly on the basis of evidence that might be insufficient in less exigent circumstances. The fundamental fairness guaranteed by the Due Process Clause does not require courts to set aside decisions of prison administrators that have some basis in fact. Revocation of good time credits is not comparable to a criminal conviction, and neither the amount of evidence necessary to support such a conviction, nor any other standard greater than some evidence applies in this context.

*Hill*, 472 U.S. at 456 (internal citations omitted). Moreover, the Court stated: "The Federal Constitution does not require evidence that logically precludes any conclusion but the one reached by the disciplinary board. Instead, due process in this context requires only that there be some evidence to support the findings made in the disciplinary hearing." *Id.* at 457. *See also Thompson v. Owens*, 889

---

[1] Petitioner also argues that the UDC cannot be comprised of only one person (Pet., p. 12). However, when the incident report is required to be forwarded to the DHO, "only one unit staff member is required to hold an initial review . . . ." BOP Program Statement 5270.09, p. 23.

F.2d 500, 502 (3d Cir. 1989); *Moles v. Holt*, 221 F. App'x 92, 94 (3d Cir. Mar. 23, 2007) ("A court need not undertake a searching inquiry to ascertain the presence of 'some evidence' supporting a disciplinary ruling; the 'relevant question is whether there is any evidence in the record that could support the conclusion reached by the disciplinary board.'" (quoting *Hill*, 472 U.S. at 455–56) (emphasis added in *Moles*)). Further, "a challenge that goes to the weight of the evidence is irrelevant to the issue of whether the DHO's finding had a constitutionally sufficient evidentiary basis." *Moles, supra* (citing *Thompson*, 889 F.2d at 502).

Here, the DHO considered the evidence to support the finding of guilt on the Code 108 charge. The DHO relied upon the Incident Report, the fact that the object was found in a common area of the cell accessible by Petitioner, the photograph of the object, the custody log for the object, and the mandate of the BOP policy concerning keeping the common area free of contraband. Petitioner's testimony that the weapon was not his was also taken into consideration. Since none of the cell mates accepted responsibility for the object, the DHO held them all accountable. *See* Broome Decl., Att. 2d.

While Petitioner may take issue with this theory of constructive possession, as Respondent points out, the Third Circuit has held that the BOP policy of holding an inmate responsible for any contraband

10

found in his assigned cell does not offend due process. *See, e.g., Brown v. Recktenwald*, 2013 WL 6439653, *2 (3d Cir. Dec. 10, 2013) ("some evidence" sufficient to show inmate had constructive possession of homemade weapon found under sink in a six-man cell); *Denny v. Schultz*, 708 F.3d 140, 145-147 (3d Cir. 2013) (contraband found in shared cell was "some evidence" of possession to uphold discipline against each inmate in cell)(citations omitted); *see also Hernandez-Zapata v. Schultz*, 2011 WL 1326815, **4-5 (D.N.J. April 4, 2011) ("some evidence" where homemade weapon found on top of locker in an eight-man cell) (collecting cases).

The evidence relied upon by the DHO as expressed in the DHO's Report plainly shows that the finding of guilt was "not so devoid of evidence that the findings of the [DHO were] without support or otherwise arbitrary." *Hill*, 472 U.S. at 457. Petitioner has failed to proffer any sufficiently credible evidence to the contrary.

Nor is Petitioner's sanction unconstitutional. The regulations expressly provide that sanctions for Greatest Severity offenses include "disallow ordinarily between 50% and 75% (27-41 days) of good conduct time credit available for a year." 28 C.F.R. § 541.3, Table 1. While Petitioner may disagree with the sanction, this Court finds nothing unconstitutional in their issuance.

Based on the foregoing, it is plain that the due process procedures enunciated in *Wolff, supra*, were complied with, and that

there was "some evidence" in accordance with *Hill, supra*, to support the DHO's finding of guilt. *See Pachtinger v. Grondolsky*, 340 F. App'x 774, 777 (3d Cir. 2009); *Hernandez-Zapata v. Schultz*, 2011 WL 1326815 (D.N.J. Apr. 4, 2011); *Sinde v. Gerlinski*, 252 F. Supp.2d 144, 150 (M.D. Pa. 2003) ("If there is 'some evidence' to support the decision of the hearing examiner, the court must reject any evidentiary challenges by the plaintiff") (quoting *Hill*, 472 U.S. at 457). Therefore, there is no basis to expunge the incident report and sanctions imposed because Petitioner has not proven that he was denied due process or that there was insufficient evidence to support the disciplinary finding. Accordingly, this habeas petition will be denied for lack of merit.

## CONCLUSION

For the reasons set forth above, this Court finds that the Petition must be denied. An appropriate Order follows.

**s/ Jerome B. Simandle**
JEROME B. SIMANDLE, Chief Judge
United States District Court

Dated: **August 7, 2014**